JULIET R. LOCKWOOD, Appellant, *v.* WILLIAM M. HOUSE, Respondent.

(Argued January 22, 1886; decided February 9, 1886.)

THE nature of the action is shown in the following extract from the opinion :

" This action was brought to recover possession of an executed deed which had vested title in the plaintiff, but remained unrecorded in the hands of the defendant, to whom it had been intrusted for safe-keeping.    The complaint alleges the execution and delivery of the deed in controversy and plaintiff's ownership of the land described in it ; the deposit of the instrument with defendant for safe-keeping merely ; a demand of its return and a refusal to surrender; that it remained unrecorded; and that, in doubt of the defendant's responsibility, harm might result from a possible conveyance by him.    The relief asked was to recover possession of the deed ; for damages resulting from the detention ; and an injunction restraining a conveyance.    It will be observed that the action goes on the assumption that the defendant had actually executed and delivered the deed, so that, by force of it, title had passed to the plaintiff, and the action is nothing else than an effort to recover possession of a muniment of title withheld by a mere bailee.  It is impossible to turn such an action into one to compel a convey-

ance, or for the specific performance of an agreement to convey. Not only does the pleading fail to set out any such agreement and consequent duty, but what it does allege is utterly inconsistent with any such theory, for it asserts that the conveyance had been already made, and the duty, if any, fully performed. The plaintiff's proof corresponded with the pleading."

Defendant's proof, however, was to the effect that the deed was never delivered, but that it was to be held by him until certain payments were made, and upon this issue of fact the finding was for the defendant. The court here say that this finding was conclusive of the action, and that any further question as to whether defendant ought to have conveyed or could be compelled in equity to convey was not in the case.

*Austen G. Fox* for appellant.

*N. Quackenbos* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.